UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>URBAN HOUSING PARTNERS, INC., A California Corporation; SHERMAN D. HARMER, An Individual; 1907 COLUMBIA, LLC, A California Limited Liability Company, DOES 1 through 20, Inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-CV-2720-AJB-RBB<br><br>**ORDER DENYING 1907 COLUMBIA, LLC'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>(Doc. No. 4) |

　　　　Presently before the Court is Defendant 1907 Columbia, LLC's ("1907 Columbia") motion for more definite statement. (Doc. No. 4.) Plaintiff Admiral Insurance Company ("Admiral Insurance") opposes the motion. (Doc. No. 8.) Defendants Urban Housing Partners, Inc. ("Urban Housing") and Sherman D. Harmer ("Harmer") do not oppose the motion. (Doc. No. 12.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the hearing date currently

set for **_March 2, 2017, at 2:00 p.m. in Courtroom 3B_** is hereby **VACATED**. For the reasons set forth below, the Court **DENIES** 1907 Columbia's motion.

## BACKGROUND

Through its complaint, Admiral Insurance seeks a declaratory judgment that it has no duty to defend or insurance coverage available for a civil suit currently pending in San Diego Superior Court between 1907 Columbia as plaintiff and Urban Housing and Harmer as defendants, among others. (Doc. No. 1-2 at 5 ¶ 1.) For present purposes, it suffices to say that Admiral Insurance is currently defending Urban Housing and Harmer in the underlying litigation pursuant to a professional liability insurance policy. (*Id.* at 5–6 ¶ 1.)

Admiral Policy filed the instant action in San Diego Superior Court on October 7, 2016. (Doc. No. 1 at 2 ¶ 1.) In the complaint in this case, and central to the instant dispute, Admiral Insurance relies on, *inter alia*, portions of Urban Housing's policy applications and website for the proposition that Admiral Insurance has no duty to defend Urban Housing and Harmer in the suit filed by 1907 Columbia. (*See* Doc. No. 1-2 at 7–8 ¶¶ 11–13.) Urban Housing and Harmer removed this action to this Court on November 2, 2016. (Doc. No. 1.) On November 21, 2016, 1907 Columbia filed the instant motion for more definite statement. (Doc. No. 4.) Admiral Insurance opposes the motion. (Doc. No. 8.) 1907 Columbia replied, (Doc. No. 11), and Urban Housing and Harmer filed a nonopposition, (Doc. No. 12). This order follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) provides for a more definite statement only where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Given the liberal pleading standards applicable under the federal rules, *see* Fed. R. Civ. P. 8, Rule 12(e) motions are "viewed with disfavor and are rarely granted," *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Even when properly asserted, "[a] motion for a more definite statement attacks intelligibility, not simply lack of detail," *Gregory Vill. Partners, L.P. v. Chevron, USA, Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011), and will be granted "only if the [challenged

pleading] is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the [pleading] is so vague that the defendant cannot begin to frame a response," *Craigslist, Inc. v. Autoposterpro, Inc.*, No. CV 08 05069 SBA, 2009 WL 890896, at *4 (N.D. Cal. Mar. 31, 2009). Reciprocally, where a pleading "is specific enough to [apprise] the responding party of the substance of the claim [or defense] being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *Fernandez v. Centric*, No. 3:12-cv-00401-LRH (WGC), 2013 WL 310373, at *2 (D. Nev. Jan. 24, 2013) (citation omitted).

### DISCUSSION

1907 Columbia's argument is predicated on the following proposition: Because the complaint relies on only excerpted portions of Urban Housing's website and application, the complaint is incomplete and thus rendered vague and ambiguous within the meaning of Rule 12(e). (Doc. No. 4.) Admiral Insurance retorts that because 1907 Columbia merely seeks additional detail obtainable through discovery, the motion for more definite statement should be denied. (Doc. No. 8.)

1907 Columbia's position finds no support in Ninth Circuit case law.[1] As noted above, granting a Rule 12(e) motion is appropriate "only if the [challenged pleading] is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the [pleading] is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc.*, 2009 WL 890896, at *4. Having reviewed the allegations of the complaint, the Court does not find the complaint to be unintelligible or so vague that 1907 Columbia cannot begin to frame a response. Rather, the intimate familiarity with this dispute that 1907 Columbia's moving papers suggest belies any suggestion that the complaint is too vague for 1907 Columbia to frame a proper response. 1907 Columbia's motion for more

---

[1] The Court reminds 1907 Columbia that this Court sits within the Ninth Circuit; accordingly, authority from the Ninth Circuit and within the Ninth Circuit should be cited. 1907 Columbia's moving papers are practically devoid of citation to such authority.

1  definite statement is nothing more than a thinly veiled attempt to obtain discovery through
2  the pleadings. This the Court will not permit.

## CONCLUSION

For all the foregoing reasons, the Court **DENIES** 1907 Columbia's motion for more definite statement. (Doc. No. 4.)

**IT IS SO ORDERED.**

Dated:  December 28, 2016

                                                Hon. Anthony J. Battaglia
                                                United States District Judge