UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>URBAN HOUSING PARTNERS, INC., A California Corporation; SHERMAN D. HARMER, An Individual; 1907 COLUMBIA, LLC, A California Limited Liability Company; DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.: 16-CV-2720-AJB-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO STAY, (Doc. No. 22); and**<br><br>**(2) DENYING AS MOOT EX PARTE MOTION FOR ORDER SHORTENING TIME, (Doc. No. 27)** |

Presently before the Court is Defendants Urban Housing Partners, Inc.'s and Sherman D. Harmer's (collectively, "Defendants") motion to stay litigation. (Doc. No. 22.) Plaintiff Admiral Insurance Co. ("Admiral") opposes the motion, (Doc. No. 24), and Defendant 1907 Columbia, LLC ("1907 Columbia") does not, (*see* Doc. No. 22-1 at 5). Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the hearing date currently set for ***July 13, 2017, at 2:00 p.m. in Courtroom 4A*** is hereby **VACATED**. For the reasons set forth below, the

1

Court **GRANTS** Defendants' motion. In light of the Court's ruling, the Court **DENIES AS MOOT** Defendants' *ex parte* motion for an order shortening time. (Doc. No. 27.)

### BACKGROUND

Through its complaint, Admiral seeks a declaratory judgment that it has no duty to defend or insurance coverage available for a civil suit currently pending in San Diego Superior Court between 1907 Columbia as plaintiff and Defendants as defendants, among others ("Underlying Action"). (Doc. No. 1-2 at 5 ¶ 1.) In short, 1907 Columbia alleges that it entered into certain agreements with Defendants by which Defendants agreed to manage 1907 Columbia's premises. This entailed, *inter alia*, leasing residential and commercial units, operating and maintaining the premises, and collecting rent. (*See id.* at 60 ¶ 16.) Defendants were required to maintain a comprehensive system of books, records, and accounts and provide 1907 Columbia with statements and reports thereon. (*Id.* at 60–61 ¶¶ 17–18.) The crux of 1907 Columbia's complaint is that Defendants failed to maintain a bookkeeping system. (*Id.* at 61–62 ¶ 24, 65 ¶ 38.) There are also several allegations of fraudulent conduct, including that Defendants diverted, concealed, and wrongfully disbursed 1907 Columbia's funds to themselves and others. (*Id.* at 62 ¶ 24, 65 ¶ 39, 67 ¶ 49, 69–70 ¶¶ 61–69.)

Admiral is currently defending Defendants in the Underlying Action pursuant to a professional liability insurance policy ("Policy"). (*Id.* at 5–6 ¶ 1.) The Policy requires Admiral to defend Defendants against claims "seeking damages caused by a professional incident . . . ." (*Id.* at 9.) The Policy in turn defines a "professional incident" as "a negligent act, error or omission in the rendering of or failure to render professional services by the Insured or a person under the Insured's direction, control or supervision and for whose acts, errors or omissions the Insured is legally liable[.]" (*Id.*)[1]

---

[1] The Policy provides an additional definition of a "professional incident" as "personal injury committed by the Insured in the rendering of or failure to render professional

2

Admiral filed the instant action in San Diego Superior Court on October 7, 2016. (Doc. No. 1 at 2 ¶ 1.) Defendants removed this action to this Court on November 2, 2016. (Doc. No. 1.) On April 6, 2017, Defendants filed the instant motion to stay. (Doc. No. 22.) Admiral filed an opposition, (Doc. No. 24), and Defendants replied, (Doc. No. 25). This order follows.

## **LEGAL STANDARD**

The Declaratory Judgment Act ("Act") provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a) (emphasis added).

"The [] Act embraces both constitutional and prudential concerns." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (en banc). Accordingly, even when the federal court has subject matter jurisdiction, "it is not required to exercise its authority to hear the case." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002); *see Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012). Rather, district courts have "unique and substantial discretion" in determining whether to decide declaratory relief actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

"Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial" in a state court. *Id.* at 288. Staying or dismissing such an action is particularly appropriate "when 'the questions in controversy . . . can better be settled in' a pending state court proceeding" and "state court proceedings 'present[] opportunity for ventilation of the same state law issues.'" *R.R. Street & Co. v. Transport*

---

services by the Insured . . . ." (Doc. No. 1-2 at 9.) Given that the Underlying Action does not involve personal injury, this definition of "professional incident" does not apply.

*Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Wilton*, 515 U.S. at 290). While the "pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief, . . . federal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. Nevertheless, there is no presumption in favor of or against abstention generally, or in insurance coverage cases specifically. *Id.*; *Huth*, 298 F.3d at 803.

In determining whether it is proper for a district court to entertain a declaratory judgment action while a related state court action proceeds, the "*Brillhart* factors remain the philosophic touchstone" for the district court. *R.R. Street & Co.*, 656 F.3d at 975 (quoting *Dizol*, 133 F.3d at 1225). The three primary *Brillhart* factors instruct the district court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Dizol*, 133 F.3d at 1225. "Essentially, the district court 'must balance concerns of judicial administration, comity and fairness to the litigants.'" *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)).[2]

---

[2] It is unclear from Admiral's complaint whether it invoked a California statute or the federal Declaratory Judgment Act. Even if Admiral intended to invoke California state law, removal of this action to federal court has converted Admiral's claims to claims brought under the federal Act. *Eastman v. Allstate Ins. Co.*, No. 14cv0703–WQH–NLS, 2014 WL 5355036, at *6 (S.D. Cal. Oct. 20, 2014) ("When a claim for declaratory relief is removed from state court, the Declaratory Judgment Act applies."); *CRV Imperial-Worthington, LP v. Gemini Ins. Co.*, 770 F. Supp. 2d 1070, 1072 (S.D. Cal. 2011) ("When a claim for declaratory relief is in federal court based on diversity of citizenship, [the 'question] whether to exercise federal jurisdiction to resolve the controversy bec[omes] a procedural question of federal law.'" (quoting *Golden Eagles Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 752 (9th Cir. 1996))). This is so because under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law, and the Act is a procedural statute. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *W. Publ'g Co. v. McColgan*, 138 F.2d 320, 324 (9th Cir. 1943) ("The Federal Declaratory Judgment Act was not a jurisdiction-conferring statute, but an act to establish a new procedure in the federal courts

## DISCUSSION

Defendants contend that the coverage action will be duplicative of the Underlying Action because there is substantial overlap of the factual and legal issues that must be adjudicated in that case prior to resolution of the coverage claims. Admiral contends there is no overlap between the two actions because this coverage action deals with the "discrete issue" of whether professional services Defendants rendered to 1907 Columbia are insured against under the Policy. Specifically, Admiral asserts this coverage action deals with only the single question of whether Defendants disclosed to Admiral during the application process the professional services rendered to 1907 Columbia. Because this disclosure inquiry has no bearing on the Underlying Action, Admiral contends the Court need not stay the instant litigation.[3]

Having reviewed the complaint, the Court agrees with Defendants that Admiral presents an overly narrow view of the coverage litigation. Nowhere in the complaint does Admiral predicate its lawsuit on Defendants' failure to disclose the professional services rendered to 1907 Columbia. Rather, "Admiral contends that there is no potential for coverage for the Underlying Action under the [] Policy and Admiral has no obligation to defend [Defendants] in the Underlying Action <u>as there is no 'claim brought against the</u>

---

. . . . 'Thus, the operation of the Declaratory Judgment Act is procedural only.'" (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937))).

[3] The Court notes that in presenting their relative positions, neither party identified the correct governing standard, focusing their arguments instead on California state law. As discussed *supra*, federal law controls. *See supra* n.2; *see also VIA Techs., Inc. v. SONICBlue Claims LLC*, No. C 09–2109 PJH, 2010 WL 2486022, at *3 (N.D. Cal. June 16, 2010) ("[W]here a suit removed to federal court seeks declaratory relief, the fact that it was initially a state proceeding seeking declaratory relief under an equivalent state act is irrelevant, and the court must conduct its analysis under the Declaratory Judgment Act."). At any rate, the parties' failure to address the correct standard is of no moment given that the issues and their resolution are abundantly clear in light of the fact that the Policy's application turns on whether Defendants acted culpably, which is central to 1907 Columbia's claims. *See infra* discussion at 6–7.

<u>Insured seeking damages caused by a professional incident' as those terms are defined in the [] Policy, a requirement for coverage.</u>" (Doc. No. 1-2 at 11–12 ¶ 25; *id.* at 12–13 ¶ 31, 14 ¶ 39 (emphasis added).)

The Policy defines a "professional incident" as "a **<u>negligent</u>** act, error or omission in the rendering of or failure to render professional services by the Insured . . . ." (*Id.* at 9 (emphasis added).) Accordingly, the question of whether the Underlying Action constitutes a professional incident, thus triggering Admiral's duty to defend Defendants, turns on whether Defendants' conduct giving rise to the Underlying Action amounted to negligent acts. In other words, a threshold inquiry the Court must address in this case is whether Defendants acted culpably or were merely negligent.

This determination is not unique to the coverage action. Rather, it goes to the heart of the Underlying Action, in which 1907 Columbia asserts that Defendants, *inter alia*, "divert[ed], conceal[ed,] and wrongfully disburs[ed] funds paid for and owed to [1907 Columbia] to third parties and others including [themselves]"; "misappropriated monies to their own benefit and gain"; and committed "fraud and misrepresentation in collecting, depositing, paying and disbursing [1907 Columbia's] rents and funds . . . ." (Doc. No. 1-2 at 62 ¶¶ 24–25, 65 ¶ 39, 66 ¶ 44, 67 ¶ 49, 69 ¶ 59.) It certainly is one of the central issues to 1907 Columbia's seventh cause of action for fraud. (*Id.* at 69–70 ¶¶ 61–69.) Because resolution of the coverage action turns on factual issues that are central to the Underlying Action, the Court finds the first and third *Brillhart* factors strongly favor staying the instant case. *See Fidelity & Guaranty Ins. Co. v. Centex Homes*, No. 3:15-CV-00023-L-RBB, 2016 WL 1257523, at *3 (S.D. Cal. Mar. 31, 2016) ("Ordinarily, a federal court should abstain from exercising jurisdiction in a declaratory judgment action such as this, which raises disputes between insurance companies and their insureds in which the merits must be decided under state law." (citing *Brillhart*, 316 U.S. at 495)).

The second factor weighs in favor of denying Defendants' motion. Admiral filed the coverage action in San Diego Superior Court. Admiral clearly was not using this declaratory judgment action as a means of forum shopping given that it sought adjudication

of its coverage obligations in the very court presiding over the Underlying Action. On balance, however, the Court is persuaded that staying this litigation is the proper course. Admiral's coverage obligations are inextricably intertwined with the Underlying Action. The Court simply cannot determine whether Admiral's duty to defend was triggered without assessing Defendants' culpability. Undertaking such a task runs the risk of inconsistent determinations and the potential triggering of collateral estoppel. For all these reasons, the Court finds staying this litigation until the Underlying Action is resolved is appropriate.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to stay and **DENIES AS MOOT** their *ex parte* motion for an order shortening time. (Doc. Nos. 22, 27.) This case is **STAYED** until the Underlying Action is resolved. Urban Housing Partners, Inc. and Sherman D. Harmer are **ORDERED** to provide the Court with a status report, apprising the Court of the Underlying Action's status, *__sixty days__* following this order's issuance and *__every sixty days thereafter__* until the Underlying Action is resolved. Failure to provide these reports in a timely manner will result in lifting the stay.[4]

**IT IS SO ORDERED.**

Dated: May 5, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[4] Admiral requests the Court take judicial notice of the docket in the Underlying Action and a case management statement. (Doc. No. 24-1 at 2.) Because these documents are irrelevant to the Court's conclusion, the Court declines to judicially notice these documents.